## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

BRIAN WARRICK
c/o 519 H Street NW
Washington, DC 20001

DAVONN LANE
c/o 519 H Street NW
Washington, DC 20001

JUANITA CALDWELL
c/o 519 H Street NW
Washington, DC 20001

DAVID RICH
c/o 519 H Street NW
Washington, DC 20001

     Plaintiffs,

v.

TACTICAL SECURITY SOLUTIONS, INC.
d/b/a TACTICAL SECURITY SOLUTIONS
1220 W Street NE
Washington, DC 20018

EVERAL ORNAL CAMPBELL
10807 Westwood Drive
Cheltenham, MD 20623

CORNEILUS L. JOHNSON
2825 Holyhead Court
Waldorf, MD 20602

    Defendants.

**COMPLAINT**

Civil Action No. _____

CLASS ACTION REQUESTED

## COMPLAINT

1.    Plaintiffs worked for Defendants as security guards in Washington, DC. Defendants paid

Plaintiffs the same regular hourly rate across all hours worked, thereby denying them overtime

wages.

2.      Plaintiffs bring this action to recover damages for Defendants' willful failure to pay overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code, § 32-1001 *et seq.*; and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*

3.      Plaintiffs bring their FLSA claims for wages and damages as a "collective action," pursuant to 29 U.S.C. § 216(b), and their DCMWA and DCWPCL claims as a class action, pursuant to Fed. R. Civ. P. 23(b)(3), on behalf of: **All hourly employees who worked for Tactical Security Solutions, Inc. from November 1, 2015 through the present and who were not paid one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek.**

## Jurisdiction and Venue

4.      Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction). Pursuant to 29 U.S.C. 216(b), Plaintiffs, through the filing of this complaint, hereby give their consent to participate in this action.

5.      Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

## Parties

6.      Plaintiffs Brian Warrick and David Rich are adult residents of the District of Columbia.

7.      Plaintiffs Davonn Lane and Juanita Caldwell are adult residents of Maryland.

8.      Defendant Tactical Security Solutions, Inc. is a Maryland corporation. It does business as Tactical Security Solutions. Its principal place of business is located at 1220 W Street NE, Washington, DC 20018. Its registered agent for service of process is Everal Campbell, 10807 Westwood Drive, Cheltenham, MD 20623.

9.      Defendant Everal Ornal Campbell is an adult resident of Maryland. He resides at 10807

Westwood Drive, Cheltenham, MD 20623. He is an owner and officer of Defendant Tactical

Security Solutions, Inc. He exercises control over the operations of Tactical Security Solutions,

Inc. — including its pay practices.

10.     Defendant Corneilus L. Johnson is an adult resident of Maryland. He resides at 2825

Holyhead Court, Waldorf, MD 20602. He is an owner and officer of Defendant Tactical Security

Solutions, Inc. He exercises control over the operations of Tactical Security Solutions, Inc. —

including its pay practices.

### Factual Allegations

11.     Plaintiffs and similarly situated individuals worked for Tactical Security Solutions during

the three years prior to the filing of this complaint.

12.     Plaintiffs and similarly situated individuals worked a majority of their hours in the

District of Columbia.

13.     A majority of Defendants' business is performed in the District of Columbia.

14.     Plaintiffs and similarly situated individuals worked as security guards.

15.     Plaintiffs' and similarly situated individuals' job duties at Tactical Security Solutions

primarily consisted of providing security services.

16.     At all relevant times, Plaintiffs and similarly situated individuals were paid by the hour.

17.     Most Plaintiffs and similarly situated individuals were paid between $15.00 and $18.00

per hour.

18.     Plaintiffs and similarly situated individuals typically and customarily worked 40–85

hours per week.

19.     Despite working more than 40 hours per week, Plaintiffs and similarly situated individuals were paid the same regular hourly rate across all hours worked, including overtime hours.

20.     Plaintiffs and similarly situated individuals were not paid overtime wages — or one and one-half times their regular hourly rate for hours worked in excess of 40 in a workweek.

21.     For example, during the two-week pay period of February 25, 2018 through March 10, 2018, Plaintiff Caldwell worked 166 hours. Defendants paid Plaintiff Caldwell $18.00 across all hours worked, including overtime hours. Defendants provided her with the following paystub:



22.     At all relevant times, Defendants paid Plaintiffs and similarly situated individuals by check.

23.     At all relevant times, Plaintiffs and similarly situated individuals regularly worked more than 40 hours per week.

24.     Defendants owe the named plaintiffs approximately the following amounts of unpaid overtime wages (excluding liquidated damages):

| Plaintiff | Unpaid Wages |
|---|---|
| Brian Warrick | $4,000.00 |
| Davonn Lane | $15,000.00 |
| Juanita Caldwell | $16,000.00 |
| David Rich | $4,000.00 |

25.     On average, Defendants owe each Plaintiff and similarly situated individual an average of approximately $11,000.00 in unpaid overtime wages (excluding liquidated damages).

26.     At all relevant times, Defendants Campbell and Johnson personally participated in decisions on whether to hire employees of Tactical Security Solutions, Inc.

27.     At all relevant times, Defendants Campbell and Johnson personally participated in decisions on whether to fire employees of Tactical Security Solutions, Inc.

28.     At all relevant times, Defendant Campbell typically signed employee paychecks.

29.     At all relevant times, Defendant Johnson personally trained employees of Tactical Security Solutions, Inc.

30.     At all relevant times, Defendants had the power to hire and fire Plaintiffs and similarly situated individuals.

31.     At all relevant times, Defendants had the power to control Plaintiffs' and similarly situated individuals' work schedule.

32.     At all relevant times, Defendants had the power to supervise and control Plaintiffs' and similarly situated individuals' work.

33.     At all relevant times, Defendants had the power to set Plaintiffs' and similarly situated individuals' rate and manner of pay.

34.     At all relevant times, Defendants were aware that they were legally required to pay Plaintiffs and similarly situated individuals one and one-half times their regular hourly rate for all hours worked in excess of 40 hours in any one workweek.

35.     At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiffs and similarly situated individuals all wages legally due to them.

36.     At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

37.     At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

## "COLLECTIVE ACTION" ALLEGATIONS

38.     Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

39.     This action is maintainable as an "opt-in" collective action pursuant to the FLSA, 29 U.S.C. §216(b).

40.     On information and belief, the putative collective consists of approximately 35 past and present employees.

41.     Plaintiffs bring their FLSA claims for wages and damages on their own behalf, and on behalf of: **All hourly employees who worked for Tactical Security Solutions, Inc. from November 1, 2015 through the present and who were not paid one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek.**

42.     These individuals are similarly situated because:

    i.      They were all paid by the hour;

    ii.     They all worked in non-exempt positions;

    iii.    They were all subject to the same timekeeping practices and employment policies;

    iv.     They all worked a majority of their hours in the District of Columbia;

v.      They have all been denied overtime wages; and

vi.     They were all paid in the same manner — with paystubs from which the amount

due to them may be easily calculated.

43.     On information and belief, the putative collective consists of at least 35 past and present

employees.

44.     On information and belief, Defendants owe members of the putative class approximately

**$385,000.00** ($11,000.00 × 35 individuals) in unpaid overtime wages, plus an additional

**$385,000.00** in liquidated damages under the FLSA, 29 U.S.C. § 216(b).

### CLASS ACTION ALLEGATIONS

45.     Plaintiffs incorporate the foregoing paragraphs as if fully stated herein.

46.     This action is maintainable as an "opt-out" class action pursuant to Federal Rule of Civil

Procedure 23.

47.     Plaintiffs bring their claims on their own behalf, and on behalf of: **All hourly employees**

**who worked for Tactical Security Solutions, Inc. from November 1, 2015 through the**

**present and who were not paid one and one-half times their regular hourly rate for hours**

**worked in excess of 40 hours in any one workweek.**

48.     On information and belief, the putative class consists of approximately 35 past and

present employees.

49.     On information and belief, Defendants owe members of the putative class approximately

**$385,000.00** ($11,000.00 × 35 individuals) in unpaid overtime wages, plus an additional

**$1,155,000.00** in liquidated damages ($385,000.00 × 3) under the DCWPCL. *See* D.C. Code

§§ 32-1303(4) and 32-1308. *See also Martinez v. Asian 328, LLC*, 220 F. Supp. 3d 117, 123

(D.D.C. 2016) ("[T]he liquidated-damages provision of the DCWPCL awards treble damages as

liquidated damages *in addition to* the actual damages in the form of unpaid wages.")

**Numerosity and the Impartibility of Joinder**

50.     The putative class is so numerous that individual joinder of all members is impracticable.

51.     The putative class consists of approximately 35 individuals.

52.     Putative class members live in multiple judicial jurisdictions, including Maryland and the District of Columbia.

53.     Many putative class members have claims so small that it would not be feasible for them to pursue their claims independently.

54.     Most putative class members are unfamiliar with the District of Columbia's laws regarding overtime wages.

55.     Many members of the putative class sincerely believe that they will be fired if they take any affirmative steps to pursue their claims.

**Commonality**

56.     All putative class members performed similar job duties that involved non-exempt security services.

57.     All putative class members were subject to the same timekeeping practices and employment policies.

58.     The employment of all putative class members is subject to the same relevant laws: the FLSA, DCMWA, and DCWPCL.

59.     All putative class members were paid in the same manner.

60.     Not only are there common questions of law and fact; each putative class member's claim is virtually *identical*. Differences between the amounts owed to each member may be resolved by a simple formula that takes into account each member's regular rate of pay and hours worked.

**Typicality / Adequacy**

61.     Plaintiffs are typical of the putative class members. They performed similar job duties as fellow class members; they worked schedules similar to their fellow class members; and they were subject to the same employment policies as their fellow class members.

62.     There is no reason that Plaintiffs would not vigorously pursue the claims of the putative class.

63.     Undersigned counsel has litigated over 100 cases in state and federal court that implicate the FLSA, DCMWA, DCWPCL, MWHL, and/or MWPCL. He has been counsel in class, collective, and "hybrid" (class + collective) actions.

64.     There is no reason undersigned counsel would not vigorously pursue the claims of the putative class.

**Predominancy / Superiority**

65.     As stated above, the questions of fact and law are nearly identical between putative class members.

66.     It is far more efficient to litigate the claims of the putative class in one single case than it would be for the Court to preside over dozens of nearly identical lawsuits.

67.     Separate actions would only serve to limit Defendants' liability at the expense of the rights provided to low-wage workers under the DCMWA and the DCWPCL.

**COUNT I**

**FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA**

68.     Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

69.     Each defendant was an "employer" of Plaintiffs within the meaning of the FLSA. 29 U.S.C. § 203(d).

70.     The FLSA requires employers to pay non-exempt employees one and one-half times their

regular hourly rate for hours worked in excess of 40 hours in any one workweek. 29 U.S.C.

§ 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum

wage. 29 C.F.R. § 778.5.

71.     Defendants violated the FLSA by knowingly failing to pay Plaintiffs at least one and one-

half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek.

72.     Defendants' violations of the FLSA were willful.

73.     For Defendants' violations of the FLSA, Defendants are liable to Plaintiffs for unpaid

overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and

expenses, interest, court costs, and any other relief deemed appropriate by the Court.

<u>COUNT II</u>
**FAILURE TO PAY OVERTIME WAGES UNDER THE DCMWA**

74.     Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

75.     Each defendant was an "employer" of Plaintiffs and similarly situated individuals within

the meaning of the DCMWA. D.C. Code § 32-1002(3).

76.     The DCMWA requires employers to pay non-exempt employees one and one-half times

their regular hourly rate for hours worked in excess of 40 hours in any one workweek. D.C. Code

§ 32-1003(c).

77.     Defendants violated the DCMWA by knowingly failing to pay one or more Plaintiffs and

similarly situated individuals at least one and one-half times Plaintiffs' regular hourly rates for

hours worked in excess of 40 hours in any one workweek.

78.     Defendants' violations of the DCMWA were willful.

79.     For Defendants' violations of the DCMWA, Defendants are liable to Plaintiffs and

similarly situated individuals for unpaid overtime wages, an amount equal to three times the

unpaid overtime wages as liquidated damages, court costs, reasonable attorney's fees and expenses, interest, and any other relief deemed appropriate by the Court.

<u>**COUNT III**</u>

**FAILURE TO PAY OVERTIME WAGES UNDER THE DCWPCL**

80.     Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

81.     Each defendant was an "employer" of Plaintiffs within the meaning of the DCWPCL. D.C. Code § 32-1301(1).

82.     The DCWPCL requires employers to pay an employee who is discharged no later than the working day following the discharge. D.C. Code § 32-1303(1).

83.     The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

84.     For purposes of the DCWPCL, "wages" include, among other things, overtime wages. D.C Code § 32-1301(3).

85.     Defendants violated the DCWPCL by knowingly failing to timely pay Plaintiffs and similarly situated individuals all wages due, including overtime wages.

86.     Defendants' violations of the DCWPCL were willful.

87.     For Defendants' violations of the DCWPCL, Defendants are liable to Plaintiffs and similarly situated individuals for unpaid overtime wages, an amount equal to three times the amount of unpaid overtime wages as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court. *See Martinez v. Asian 328, LLC*, 220 F. Supp. 3d 117, 123 (D.D.C. 2016) ("[T]he liquidated-damages provision of the DCWPCL awards treble damages as liquidated damages *in addition to* the actual damages in the form of unpaid wages.")

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all similarly situated individuals, respectfully request that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of $**1,540,000.00**, and grant the following relief:

a.      Award Plaintiffs and similarly situated individuals $**1,540,000.00**, consisting of the following overlapping elements:

    i.      unpaid federal overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

    ii.      unpaid overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

    iii.      unpaid overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

b.      Award Plaintiffs and similarly situated individuals pre-judgment and post-judgment interest as permitted by law;

c.      Award Plaintiffs and similarly situated individuals attorney's fees and expenses computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney's services, pursuant to the DCWPCL, D.C. Code § 32-1308(b)(1);

d.      Award Plaintiffs court costs; and

e.      Award any additional relief the Court deems just.

Date: November 7, 2018                    Respectfully submitted,

                                          /s/ Justin Zelikovitz
                                          JUSTIN ZELIKOVITZ, #986001
                                          DCWAGELAW
                                          519 H Street NW
                                          Washington, DC 20001
                                          Phone: (202) 803-6083
                                          Fax: (202) 683-6102
                                          justin@dcwagelaw.com

                                          *Counsel for Plaintiffs*